**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD OLAWALE-AYINDE, | No. 04-74763 |
| Petitioner, | Agency No. A070-103-971 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Richard Olawale-Ayinde, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals's summary affirmance of an

immigration judge's decision finding him removable.  He contends that he is not

an aggravated felon subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

He further argues that, even if his conviction amounts to an "aggravated felony," he is entitled to deferral of removal under the Convention Against Torture (CAT) pursuant to 8 C.F.R. § 1208.17(a). We deny the petition for review and hold that Olawale-Ayinde is not entitled to deferral of removal.

Olawale-Ayinde pled guilty to and was convicted of seven counts of bank fraud, in violation of 18 U.S.C. § 1344; two counts of illegal transfer of means of identification, in violation of 18 U.S.C. § 1028(a)(7); one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); and five counts of aiding and abetting laundering monetary instruments, in violation of 18 U.S.C. § 1956(a)(1). As charged in the indictment, the seven counts of bank fraud alone involved a total loss of $70,634.67. The judgment indicated that Olawale-Ayinde pled guilty to these counts "as charged" in the indictment. At sentencing, Olawale-Ayinde was ordered to pay restitution in the amount of $1,393,129.04 pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. The restitution order specifically referenced only those counts to which Olawale-Ayinde had pled guilty.

Under federal immigration law, an "aggravated felony" includes any "offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Recently, the Supreme Court clarified that the $10,000 threshold in subparagraph (M)(i) refers to "the factual

2

circumstances surrounding commission of the crime on a specific occasion," rather than an element of the crime of conviction. *Nijhawan v. Holder*, --- U.S. ----, 129 S. Ct. 2294, 2298 (2009). The immigration judge properly considered Olawale-Ayinde's guilty plea as charged and the district court's restitution order in determining that he is an "aggravated felon" within the meaning of 8 U.S.C. § 1101(a)(43)(M)(i). *See id.* at 2303–04. As an aggravated felon, Olawale-Ayinde is statutorily ineligible for asylum and for withholding of removal under the Immigration and Nationality Act and CAT.

Likewise, the immigration judge did not err in determining that Olawale-Ayinde is ineligible for deferral of removal pursuant to CAT. To establish eligibility for CAT relief, an alien must show that it is "more likely than not" that he will be tortured in the proposed country of removal. *See, e.g.*, *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (citing 8 C.F.R. § 208.16(c)(2)). To come within the purview of the Convention, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Even assuming that Olawale-Ayinde was credible, he presented no documentation or other evidence that the Nigerian government could not and would not protect him from ritual human sacrifice at the hands of the Ogboni. Nor

3

did he establish state action or acquiescence in support of such purported goings on within Nigeria. He also did not establish that participation in Ogboni rituals is not voluntary on the part of members. *See* 8 C.F.R. § 208.18(a)(1). Olawale-Ayinde thus failed to shoulder his burden of proof and to demonstrate eligibility for CAT relief.

For the foregoing reasons, Olawale-Ayinde's petition for review is denied and he is ordered removed to Nigeria. All pending motions are denied as moot.

PETITION DENIED.

4